UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| SHARRON ATKINS, )<br>    *Plaintiff*, )<br>)<br>    *vs*. )<br>)<br>KROGER COMPANY, )<br>    *Defendant*. ) | 1:11-cv-772-JMS-MJD |

**ORDER TO SHOW CAUSE**

Plaintiff Sharron Atkins filed this action in state court after an employee of Defendant Kroger Company ("Kroger") called the police and reported that Ms. Atkins stole flowers from the store. The Defendants removed the action to federal court after Ms. Atkins amended her complaint to assert federal claims against various police officers who responded to the emergency call and ultimately detained Ms. Atkins at a traffic stop for approximately 66 minutes. The Court has entered summary judgment in favor of the government defendants on the federal claims in this action. [Dkt. 113.] Accordingly, the only remaining claims in this action are Ms. Atkins' state-law claims against Kroger. [Dkt. 112.]

A federal court always has a responsibility to ensure that it has jurisdiction, *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 427 (7th Cir. 2009), and counsel has a professional obligation to analyze it, *Heinen v. Northrop Grumman Corp.*, 671 F.3d 669 (7th Cir. 2012). Subject matter jurisdiction cannot be waived and "always comes ahead of the merits" of a case. *Leguizamo-Medina v. Gonzales*, 493 F.3d 772, 774 (7th Cir. 2007). Regardless of the "waste of effort" that results from a case partially or fully litigated in the wrong court, "both the Supreme Court and [the Seventh Circuit Court of Appeals] have noted time and again that subject matter jurisdiction

is a fundamental limitation on the power of a federal court to act." *Del Vecchio v. Conseco, Inc.*, 230 F.3d 974, 980 (7th Cir. 2000).

If all federal questions are resolved before trial, the Court must determine whether it can retain jurisdiction over the state-law claims. *See Wright v. Associated Ins. Companies Inc.*, 29 F.3d 1244, 1251 (7th Cir. 1994) ("[T]he general rule is that, when all federal claims are dismissed before trial, the district court should relinquish jurisdiction over pendent state-law claims rather than resolving them on the merits. There are, however, unusual cases in which the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness and comity—will point to federal decision of the state-law claims on the merits.").

There are two remaining bases on which this Court could retain jurisdiction over Ms. Atkins' state-law claims against Kroger—diversity jurisdiction or supplemental jurisdiction—and the Court will address each in turn.

**A. Diversity Jurisdiction**

In order to invoke diversity jurisdiction in a civil action, the matter must be between citizens of different States and the amount in controversy must exceed $75,000, exclusive of interest and costs. 28 U.S.C. § 1332. The Court cannot determine from the docket whether the parties agree on each other's citizenship because until this point, their pleadings have focused on federal question jurisdiction. That said, Ms. Atkins has alleged that she is a citizen of Indiana, [dkt. 112 at 1 ¶ 1], and that Kroger has its principal place of business in Ohio, [*id.* at 2 ¶ 5]. If Kroger agrees with those allegations and the parties further agree that Kroger is an Ohio corporation, it is possible that diversity of citizenship exists. 28 USC § 1332(c)(1); *see Smoot v. Mazda Motors of Am., Inc.*, 469 F.3d 675, 676 (7th Cir. 2006) (a corporation has two places of citizenship: where it is incorporated and where it has its principal place of business).

Even if diversity of citizenship is present, however, it is still unclear whether the amount in controversy at the time of removal satisfied the requisite amount in controversy. In *Oshana v. Coca–Cola, Co.*, the Seventh Circuit Court of Appeals explained the standard for meeting the amount-in-controversy requirement in cases removed to federal court. 472 F.3d 506 (7th Cir. 2006). "[T]he amount in controversy is the amount required to satisfy the plaintiff's demands in full on the day the suit begins, or in the event of removal, on the day the suit was removed." *Id.* at 510. In general, the proponent of jurisdiction has the burden of showing by a preponderance of the evidence facts that suggest the amount in-controversy requirement is met. *Id.* A defendant's "good-faith estimate of the stakes is acceptable if it is plausible and supported by a preponderance of the evidence." *Id.* "[O]nce the defendant in a removal case has established the requisite amount in controversy, the plaintiff can defeat jurisdiction only if it appears to a legal certainty that the claim is really for less than the jurisdictional amount." *Id.* at 510-11; *see also Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 542 (7th Cir. 2006) (holding that once a defendant has shown a good-faith basis for removing the case to federal court, "the case stays in federal court unless it is legally certain that the controversy is worth less than the jurisdictional minimum"). In *Oshana*, the plaintiff refused to formally disclaim damages in excess of $75,000; therefore, the Seventh Circuit held that the amount in controversy did not appear to a legal certainty to be under $75,000. 472 F.3d at 512. The Seventh Circuit noted that "if [Plaintiffs] really wanted to prevent removal, [they] should have stipulated to damages not exceeding the $75,000 jurisdictional limit." *Id.* at 511.

The Court notes that Ms. Atkins seeks punitive damages for her state-law claims against Kroger. [Dkt. 112 at 5-6, 7-8, 9-10.] Punitive damages can satisfy the minimum amount in controversy required for diversity jurisdiction if they are recoverable under state law. *LM v. Ins.*

*Corp. v. Spaulding Enters. Inc.*, 333 F.3d 542, 551 (7th Cir. 2008).  Under Indiana law, punitive damages are available if a defendant is shown to have "acted with malice, fraud, gross negligence, or oppressiveness which was not the result of a mistake of fact or law, honest error or judgment, overzealousness, mere negligence, or other human failing…."  *Bud Wolf Chevrolet, Inc. v. Robertson*¸ 519 N.E.2d 135, 137-38 (Ind. 1998).  A punitive damage award may not be more than three times the amount of compensatory damages awarded in the action or $50,000, whichever is greater.  Ind. Code. § 34-51-3-4.  However, the Seventh Circuit looks with skepticism upon the possibility of punitive damages to satisfy large portions of the jurisdictional amount.  *See Anthony v. Sec. Pac. Fin. Servs.*, 75 F.3d 311, 315 (7th Cir. 1996) ("When a claim for punitive damages makes up the bulk of the amount in controversy, and may even have been colorably asserted solely to confer jurisdiction, we should scrutinize that claim closely.").

Because of the uncertainties surrounding the citizenship of Ms. Atkins and Kroger and whether $75,000, exclusive of interest and costs, was at issue between these parties on the date this case was removed to federal court, the Court cannot determine that diversity jurisdiction is present over Ms. Atkins' remaining state-law claims.  Accordingly, the parties are **ORDERED** to file a joint statement by **January 17, 2013**, detailing the citizenship of each party and whether the amount in controversy between them on the date of removal exceeded $75,000, exclusive of interest and costs, as well as a detailed basis for that assertion.  If the parties cannot agree on the contents of a joint statement, they are **ORDERED** to file competing statements by that date.

### B.  Supplemental Jurisdiction

If diversity jurisdiction is not present, it is possible that the Court may continue to exercise supplemental jurisdiction over Ms. Atkins' remaining state-law claims.  This Court has supplemental jurisdiction "over all other claims that are so related to claims in the action within such

original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Until the Court granted summary judgment against Ms. Atkins on her federal claims, it was exercising supplemental jurisdiction over her state-law claims against Kroger (and her state-law claims against the government defendants) because they arose from a common nucleus of operative fact. Now that the federal claims are gone, however, the Court must reevaluate. *See* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction . . . ."); *Carlsbad Tech., Inc. v. HIF BIO, Inc.*, 556 U.S. 635, 639-40 (2009) ("Upon dismissal of the federal claim, the District Court retained its statutory supplemental jurisdiction over the state-law claims. Its decision declining to exercise [that] was not based on a jurisdictional defect but on its discretionary choice not to hear the claims despite its subject-matter jurisdiction over them.").

It is well-established that the usual practice is to dismiss or remand the state supplemental claims without prejudice. *Groce v. Eli Lilly & Co.*, 193 F.3d 496, 501 (7th Cir. 1999). When deciding whether to exercise supplemental jurisdiction, "'a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity.'" *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173, (1997) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)).

If the parties believe that the Court should continue to exercise supplemental jurisdiction over Ms. Atkins' state-law claims against Kroger, they are **ORDERED** to file a joint statement by **January 17, 2013**, detailing their position and analyzing the values of judicial economy, convenience, fairness, and comity. If the parties cannot agree on the contents of a joint statement, they are **ORDERED** to file competing statements by that date.

01/03/2013

*[signature: Jane Magnus-Stinson]*

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only:**

David Elsworth Deal
VOYLES ZAHN PAUL HOGAN & MERRIMAN
deal@daviddeallaw.com

Douglas C. Haney
CITY OF CARMEL
dhaney@carmel.in.gov

Robert D. King Jr.
LAW OFFICE OF ROBERT D. KING, JR, P.C.
rking@robertkinglaw.com

David Ray Thompson
THE LAW OFFICE OF ROBERT D. KING, JR., P.C.
dthompson@robertkinglaw.com

Daniel Mark Witte
TRAVELERS STAFF COUNSEL OFFICE
dwitte@travelers.com

Jeffrey S. Zipes
COOTS HENKE & WHEELER
jzipes@chwlaw.com