UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| SHARRON ATKINS,<br>    *Plaintiff*, | )<br>)<br>) | |
| *vs.* | ) | 1:11-cv-772-JMS-MJD |
| KROGER COMPANY,<br>    *Defendant*. | )<br>)<br>) | |

# **ORDER**

On January 3, 2013, the Court issued an order to show cause because of uncertainties regarding the Court's jurisdiction over the remaining state-law claims in this matter. [Dkt. 114.] To put that order in context, a brief background is necessary.

Plaintiff Sharron Atkins initially filed this action in state court against Defendant Kroger Company ("Kroger") after a Kroger employee called the police and reported that Ms. Atkins stole flowers from the store. The case was removed to federal court after Ms. Atkins amended her action to assert claims against various police officers who responded to the emergency call and, ultimately, detained Ms. Atkins at a traffic stop for approximately 66 minutes. Charges against Ms. Atkins stemming from the alleged theft were later dropped. The Court has entered summary judgment in favor of the government defendants on the federal claims in this action, [dkt. 113], and the only remaining claims are Ms. Atkins' state-law claims against Kroger, [dkt. 112]. The Court issued a show cause order to the parties regarding the Court's continued jurisdiction over these claims. [Dkt. 114.]

A federal court always has a responsibility to ensure that it has jurisdiction, *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 427 (7th Cir. 2009), and counsel has a professional obligation to analyze it, *Heinen v. Northrop Grumman Corp.*, 671 F.3d 669 (7th Cir. 2012). Subject matter

jurisdiction cannot be waived and "always comes ahead of the merits" of a case. *Leguizamo-Medina v. Gonzales*, 493 F.3d 772, 774 (7th Cir. 2007). Regardless of the "waste of effort" that results from a case partially or fully litigated in the wrong court, "both the Supreme Court and [the Seventh Circuit Court of Appeals] have noted time and again that subject matter jurisdiction is a fundamental limitation on the power of a federal court to act." *Del Vecchio v. Conseco, Inc.*, 230 F.3d 974, 980 (7th Cir. 2000).

If all federal questions are resolved before trial, the Court must determine whether it can retain jurisdiction over the state-law claims. *See Wright v. Associated Ins. Companies Inc.*, 29 F.3d 1244, 1251 (7th Cir. 1994) ("[T]he general rule is that, when all federal claims are dismissed before trial, the district court should relinquish jurisdiction over pendent state-law claims rather than resolving them on the merits. There are, however, unusual cases in which the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness and comity—will point to federal decision of the state-law claims on the merits."). While the Court has discretion on whether or not to retain supplemental jurisdiction, it may not do so on a mistaken belief that diversity jurisdiction exists. *Nightingale Home Healthcare, Inc. v. Anodyne Therapy, LLC*, 589 F.3d 881, 883 (7th Cir. 2009) ("[I]f as in this case the district court retains jurisdiction because it mistakenly believes that the claims, rather than being supplemental, are within the diversity jurisdiction, the retention cannot be defended as an exercise of discretion. It is an abuse of discretion not to exercise discretion.").

In its order to show cause, the Court addressed two possible bases on which it could retain jurisdiction over Ms. Atkins' state-law claims against Kroger—diversity jurisdiction or supplemental jurisdiction. The Court will now address each in turn.

### A. Diversity Jurisdiction

In order to invoke diversity jurisdiction in a civil action, the matter must be between citizens of different States and the amount in controversy must exceed $75,000, exclusive of interest and costs. 28 U.S.C. § 1332.

The Court is persuaded that diversity of citizenship exists. The parties agree that Ms. Atkins is an Indiana citizen. [Dkts. 112 at 1¶ 1; 117 at 2.] While Ms. Atkins attempts to make an issue out of Kroger's Ohio citizenship by pointing to various admissions and denials in the pleadings, [dkt. 118 at 4-5], she ignores that the Court's show cause order noted the uncertainty of Kroger's citizenship and ordered the parties to address this issue, [dkt. 114 at 2, 4]. Kroger has filed an affidavit supporting its contention that it is an Ohio corporation with its principal place of business in Ohio, which makes it an Ohio citizen. [Dkt. 117-1 at 1.] Ms. Atkins does not substantively challenge these contentions. Therefore, the Court determines that diversity of citizenship exists.

Diversity of citizenship is not enough, however, because in order for diversity jurisdiction to exist, the amount in controversy must be $75,000, exclusive of interest and costs. As the Court noted in its show cause order, the Seventh Circuit Court of Appeals explained the standard for meeting the amount-in-controversy requirement in cases removed to federal court. *Oshana v. Coca–Cola, Co.*, 472 F.3d 506 (7th Cir. 2006). "[T]he amount in controversy is the amount required to satisfy the plaintiff's demands in full on the day the suit begins, *or in the event of removal, on the day the suit was removed*." *Id.* at 510 (emphasis added). In general, the proponent of jurisdiction has the burden of showing by a preponderance of the evidence facts that suggest the amount in-controversy requirement is met. *Id.* A defendant's "good-faith estimate of the stakes is acceptable if it is plausible and supported by a preponderance of the evidence." *Id.*

"Although a plaintiff may aggregate the amounts against defendants to satisfy the amount in controversy requirement if the defendants are jointly liable, a plaintiff must satisfy the amount in controversy requirement against each individual defendant if the defendants are severally liable. *LM Ins. Corp. v. Spaulding Enters.*, 533 F.3d 542, 548 (7th Cir. 2008); *see also Travelers Property Casualty v. Good*, 689 F.3d 714, 722 (7th Cir. 2012) (holding that the Seventh Circuit will "allow aggregation only in those situations where there is not only a common fund from which the plaintiffs seek relief, but where the plaintiffs also have a joint interest in that fund, such that . . . plaintiffs' rights are . . . affected by the rights of co-plaintiffs").

To support its contention that more than $75,000, exclusive of interest and costs, was at issue when this case was removed to federal court, Kroger asserts that five months after removal, "Plaintiff filed her Statement of Special Damages and Demand in which she made a settlement demand of $750,000 which included a claim of $500,000 for 'emotional damages' and undetermined attorney fees." [Dkt. 117 at 2.] Kroger has not submitted Ms. Atkins' demand. Not only did this demand occur five months after the date of removal, which is the key date at issue for this analysis, it is unclear if Ms. Atkins' demand was directed at all defendants or at Kroger alone. Nothing in Ms. Atkins' Amended Complaint suggests that she sought relief from the government defendants and Kroger jointly or that there is a common fund from which she sought relief. [Dkt. 112.[1]] If Ms. Atkins' $750,000 demand in November 2011 was a collective demand to all defendants, it is not adequate evidence of the amount in controversy against Kroger at the time of removal in June 2011. Moreover, as Ms. Atkins points out in response to the show cause order, Kroger did not remove her state-court action when Kroger was the only defendant,

---

[1] Docket 112 is the complaint on which defendants removed Ms. Atkins' action to federal court, and the Court later ordered docketed as a separate docket entry for clarity. [Dkt. 111.]

which suggests that it did not believe the requisite amount in controversy was present until Ms. Atkins added her claims against the government defendants. [Dkt. 118 at 6.]

For these reasons, the Court concludes that Kroger has not met its burden of showing by a preponderance of the evidence that $75,000, exclusive of interest and costs, was in controversy between these parties when federal jurisdiction was invoked in June 2011. Accordingly, the Court cannot exercise diversity jurisdiction over this matter.

**B. Supplemental Jurisdiction**

Although diversity jurisdiction is not present, it is possible that the Court may continue to exercise supplemental jurisdiction over Ms. Atkins' remaining state-law claims against Kroger.

This Court has supplemental jurisdiction "over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Until the Court granted summary judgment against Ms. Atkins on her federal claims, it was exercising supplemental jurisdiction over her state-law claims against Kroger (and her state-law claims against the government defendants) because they arose from a common nucleus of operative fact. Now that the federal claims are gone, however, the Court must reevaluate. *See* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction . . . ."); *Carlsbad Tech., Inc. v. HIF BIO, Inc.*, 556 U.S. 635, 639-40 (2009) ("Upon dismissal of the federal claim, the District Court retained its statutory supplemental jurisdiction over the state-law claims. Its decision declining to exercise [that] was not based on a jurisdictional defect but on its discretionary choice not to hear the claims despite its subject-matter jurisdiction over them.").

When deciding whether to exercise supplemental jurisdiction, "'a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity.'" *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173, (1997) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). It is well-established that the usual practice is to dismiss or remand the state supplemental claims without prejudice. *Groce v. Eli Lilly & Co.*, 193 F.3d 496, 501 (7th Cir. 1999).

The Court concludes that the factors it must consider weigh in favor of it continuing to exercise supplemental jurisdiction over Ms. Atkins' claims against Kroger. This case has been pending in federal court for more than eighteen months, and, having ruled on the government defendants' motion for summary judgment, the Court is also familiar with the underlying facts of the remaining state-law claims against Kroger. While it has no doubt that a state court could get up to speed, judicial economy favors this Court continuing to exercise jurisdiction, particularly since Kroger's summary judgment motion is fully briefed. [Dkt. 35.] Kroger's pending summary judgment motion also weighs in favor of the Court exercising supplemental jurisdiction because that motion is ripe and the Court is prepared to rule on it before the parties' scheduled settlement conference on March 15, 2013, should it be necessary. While comity weighs in favor of relinquishing supplemental jurisdiction, the parties cite multiple Indiana Supreme Court cases on the issues briefed on summary judgment that the Court is capable of applying. Therefore, the Court concludes that these factors weigh in favor of it continuing to exercise supplemental jurisdiction over Ms. Atkins' state-law claims against Kroger.

For these reasons, although Kroger has not shown that the Court can exercise diversity jurisdiction over Ms. Atkins' state-law claims against Kroger, the Court, in its discretion, will continue to exercise supplemental jurisdiction over those claims.

02/04/2013

_Jane Magnus-Stinson_
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only:**

David Elsworth Deal
VOYLES ZAHN PAUL HOGAN & MERRIMAN
deal@daviddeallaw.com

Douglas C. Haney
CITY OF CARMEL
dhaney@carmel.in.gov

Robert D. King Jr.
LAW OFFICE OF ROBERT D. KING, JR, P.C.
rking@robertkinglaw.com

David Ray Thompson
THE LAW OFFICE OF ROBERT D. KING, JR., P.C.
dthompson@robertkinglaw.com

Daniel Mark Witte
TRAVELERS STAFF COUNSEL OFFICE
dwitte@travelers.com

Jeffrey S. Zipes
COOTS HENKE & WHEELER
jzipes@chwlaw.com