UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| SHARRON ATKINS, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) ) No. 1:11-cv-00772-JMS-MJD |
| KROGER COMPANY, | ) ) |
| Defendant. | ) |

## ORDER ON KROGER'S MOTION FOR LEAVE TO AMEND ANSWER TO ADD NON-PARTIES

This matter is before the Court on Kroger's Motion for Leave to Amend Answer to Add Non-Parties. The Court, being duly advised, DENIES the motion.

### I. Background

This is an action for civil claims stemming from the allegedly false arrest of Plaintiff for theft of flowers from Kroger. In addition to Kroger, Plaintiff identified the City of Carmel, Officer William Gilbert, Officer Matthew Broadnax and Sergeant Brett Keith (collectively, the "Government Defendants") as Defendants. [Dkt. 1-8.] On January 2, 2013, the Court granted the Government Defendants' summary judgment motion and dismissed them from the case. [Dkt. 113.] Kroger did not respond to the Government Defendants' motion or object to their dismissal. Kroger now seeks to amend its answer to add the Government Defendants as nonparties for the purpose of allocating fault. [Dkt. 128.]

### II. Legal Standard

Leave to amend the pleadings should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). A district court may deny leave to amend in the case of undue delay, bad faith

or dilatory motive on the part of the movant, undue prejudice to the opposing party or where the amendment would be futile. *Hukic v. Aurora Loan Services*, 588 F.3d 420, 432 (7th Cir. 2009).

Under Indiana's comparative fault statute, a named defendant may assert a "nonparty defense" seeking to attribute fault to a nonparty. Ind. Code § 34-4-33-10(a) (1993). The burden of proof of a nonparty defense is on the named defendant, who must affirmatively plead the defense. I.C. 34-4-33-10(b) (1993). A defendant must do something prior to a party's dismissal from a lawsuit to preserve the nonparty defense with respect to that party. *Rausch v. Reinhold*, 716 N.E.2d 993, 1001 (Ind. Ct. App. 1999).

### III. Discussion

Kroger asserts the two standards set forth above represent the federal and state standards by which this issue should be decided. In other words, Kroger argues the Court should either allow it to amend its answer pursuant to the Rule 15 federal standard or the state standard to assert a nonparty defense under the Indiana Comparative Fault Act. Kroger urges the Court to utilize the more liberal federal standard of allowing amendments when "justice so requires." [Dkt. 134, p.4] These standards, however, are not mutually exclusive. Both standards must be met to allow Kroger to assert its nonparty defense and the Court finds Kroger has not met its burden.[1]

While the Rule 15 standard to amend the pleadings may be liberal, the Court may deny amendments that are futile. *Bethany Pharmacal Co., Inc. v. QVC, Inc.*, 241 F.3d 854, 861 (7th Cir. 2001). If Kroger cannot meet the requirements of the Indiana Comparative Fault Act, it cannot properly assert a nonparty defense and the amendment would be futile.

---

[1] Decisions in this District reflect the reasoning that the deadlines in the Act for naming nonparties are applicable in federal court. *See Benbenek v. Fidelity National Property and Casualty Insurance Co.*, 2012 WL 5331230 (S.D. Ind. 2012); *Parker v. Rockies Express Pipeline, LLC*, 2012 WL 4481976 (S.D. Ind. 2012).

The burden of pleading and proving a nonparty defense is on the defendant. I.C. 34-51-2-15. Plaintiff contends Kroger waived its nonparty defense because it failed to timely preserve the defense. [Dkt. 130, ¶ 4.] A defendant must do something prior to a party's dismissal in order to preserve its nonparty defense with respect to that party. *Rausch*, 716 N.E.2d at 1001; *Owens Corning Fiberglass Corp. v. Cobb*, 754 N.E.2d 905, 915 (Ind. 2001).

Kroger argues it met the Act's notice requirement when it filed its motion within 60 days of the dismissal of the Government Defendants. [Dkt. 134, p. 5.] The statute provides: "[a] defendant who gains actual knowledge of a nonparty defense after the filing of an answer may plead the defense with reasonable promptness." I.C. 34-51-2-16. Kroger further asserts that this reasonable promptness standard was applied by the Indiana Supreme Court in *Owens Corning*. The Court's review of *Owens Corning*, however, leads to a different conclusion. The Indiana Supreme Court references "reasonable promptness," yet also notes that the defendant in that case did two things to preserve its nonparty defense *prior* to the dismissal of the other defendants. First, the defendant filed a motion for leave to amend its answer to add nonparties. Second, it filed a response to the motion for summary judgment to designate evidence of each nonparty's fault. *See Owens Corning*, 754 N.E.2d at 911-912. In addition, it has been subsequently noted that the statutory "reasonable promptness" standard applies to the time period between the service of the complaint and asserting the nonparty defense, not the time period between learning of the defense and asserting it. *See Kelly v. Bennett*, 792 N.E.2d 584, 587 (Ind. Ct. App. 2003); *Custer v. Schumacher Racing, Corp.*, 2007 WL 2902047 (S.D. Ind. 2007).

Kroger did neither of the things the defendant did in *Owens Corning*. Kroger did not respond to the Government Defendants' summary judgment motion or otherwise object at the time they were dismissed from the lawsuit. Moreover, Kroger waited nearly two months *after*

the summary judgment ruling to file its motion to preserve its nonparty defense and provided no explanation for its delay. This case has been pending for nearly two years and discovery is closed. The case is set for trial in just over four months, with the final pretrial conference just three months away. The Court finds Kroger waived its nonparty defense; therefore, it would be futile to allow Kroger to amend its answer to add the Government Defendants as nonparties.

### IV. Conclusion

Based on the foregoing, the Court denies Kroger's Motion for Leave to Amend Answer to Add Non-Parties.

Date: 03/28/2013

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Douglas C. Haney
CITY OF CARMEL
dhaney@carmel.in.gov

Jeffrey S. Zipes
COOTS HENKE & WHEELER
jzipes@chwlaw.com

Robert D. King, Jr.
LAW OFFICE OF ROBERT D. KING, JR, P.C.
rking@robertkinglaw.com

David Ray Thompson
LAW OFFICE OF ROBERT D. KING, JR., P.C.
dthompson@robertkinglaw.com

David Elsworth Deal
VOYLES ZAHN PAUL HOGAN & MERRIMAN
deal@daviddeallaw.com